# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| MARK WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 6022 |
| v. ) | |
| ) | Judge Wayne Andersen, |
| GROUP LONG TERM DISABILITY ) | District Judge |
| INSURANCE and RELIANCE ) | |
| STANDARD LIFE INSURANCE ) | |
| COMPANY, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on plaintiff Mark Williams' motion to dismiss defendants' counterclaim for a constructive trust pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion [14] is denied in part and granted in part.

## BACKGROUND

Plaintiff Mark Williams filed a one-count complaint in Case No. 05 C 4418 against defendants Group Long Term Disability Insurance (the "Plan") and Reliance Standard Life Insurance Company ("Reliance Standard") claiming that he had not been paid long-term disability benefits allegedly due to him under the Plan. The parties filed cross-motions for summary judgment. On August 2, 2006, we issued a Memorandum Opinion and Order granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment. However, plaintiff's request for reinstatement of the long-term benefits he claimed were due to him was denied. Instead, this matter was remanded to the Plan's administrator to

review plaintiff's claim for long-term disability benefits anew in proceedings consistent the court's Memorandum Opinion and Order.

Plaintiff has filed a new complaint claiming that the Plan's administrator still is wrongfully denying his long-term disability benefits allegedly due under the Plan. Reliance Standard has filed a counterclaim for a constructive for reimbursement of the disability benefits it paid to plaintiff at the same time he was collecting Social Security and Veterans Administration benefits. Reliance Standard seeks to recover the amount that was overpaid. Plaintiff has moved to dismiss the counterclaim arguing that there is no mechanism under ERISA which permits Reliance Standard to recover the overpayment and that the Plan does not allow for an offset of Veterans Administration benefits.

## DISCUSSION

A.  *Reliance Standard Has an Equitable Lien on the Overpayment and A Right to Recover under Section 502(a)(3) of ERISA*

Reliance Standard contends that its counterclaim for reimbursement is an equitable lien and thus an equitable remedy permitted under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Plaintiff, however, argues that the counterclaim does not seek an equitable lien, but rather is a claim for monetary damages at law, which is inappropriate under ERISA.

Reliance Standard relies on the United States Supreme Court's decision in *Sereboff v. Mid. Atl. Med. Servs Inc.,* 126 S.Ct. 1869 (2006), to support its contention that the counterclaim is an equitable lien which is permissible under ERISA. In *Sereboff*, the Supreme Court held that, when an insurance policy has a provision stating that certain funds may need to be returned to the insurer, an equitable lien by agreement results. 126 S.Ct. at 1871-72.

The Plan at issue here specifically provides that a claimant's gross monthly benefits is reduced by "Other Income Benefits" that a claimant receives. The Plan identifies categories of "Other Income Benefits" that are subject to the offset, which include, among other sources, disability benefits under the Social Security Act which an insured is eligible to receive because of a total disability. Since the Plan specifically provides that the Insurer can recover the overpayment of funds in the amount of other benefits received, Reliance Standard's counterclaim qualifies as an equitable lien as contemplated by the Supreme Court in *Sereboff*. Thus, pursuant to the Supreme Court's holding in *Sereboff*, Reliance Standard has an equitable lien on the overpayment of benefits and a right to recover those funds under section 502(a)(3) of ERISA.

B.  *The Counterclaim for the Overpayment of Benefits Does Not Involve a Lien on Social Security or Veterans Administration Benefits*

Plaintiff next argues that the counterclaim should be dismissed because a lien may not attach to Social Security or Veterans Administration benefits. 42 U.S.C. § 407; 38 U.S.C. § 5301(a). While it is true that a lien may not attach to Social Security or Veterans benefits, Reliance Standard does not seek reimbursement of plaintiff's Social Security or Veterans benefits. Rather, Reliance Standard seeks reimbursement of the funds that it actually paid to plaintiff. Reliance Standard is not seeking to attach a lien to plaintiff's Social Security or Veterans benefits, but rather to recover the overpayment of funds plaintiff received as a result of collecting both Social Security and Veterans benefits at the same time he collected long-term disability benefits under the Plan.

Another court in this district has reached the same conclusion in a case involving the offset of Social Security benefits by an insurance company. *Smith v. Accenture U.S. Group*

*Long-Term Disability Ins. Plan*, 2006 WL 2644957 (N.D. Ill. Sept. 13, 2006). In *Smith*, the district court concluded that the "other income" provision of the insurance plan at question established an equitable lien, and therefore the defendant's counterclaim for reimbursement sufficiently stated a claim to survive the plaintiff's motion to dismiss. *Id.* at *2.

The identical situation is present in this case, and we agree with the court in *Smith* which allowed the defendant's counterclaim for an offset of Social Security benefits when the plan provided that payment of benefits may be subject to an offset. Thus, Reliance Standard's counterclaim for an equitable lien is permissible, and plaintiff's motion to dismiss the counterclaim with respect to the overpayment and offset of benefits as it relates to plaintiff's Social Security benefits is denied.

C.     *Veterans Administration Benefits Are Not Subject to Offset Under the Plan*

Finally, plaintiff argues that the "Other Income Benefits" language in the Plan does not permit an offset for Veterans Administration benefits he received. Plaintiff argues that these benefits are not subject to offset because they are not specifically identified in the Plan.

This same issue was addressed by the Fifth Circuit in *High v. E-Systems, Inc.*, 459 F.3d 573 (5th Cir. 2006). In *High*, the plaintiff also received Veterans benefits in addition to long-term disability benefits under his employer's plan. The Fifth Circuit held that an offset was allowed based on the "all-encompassing provision" in the plan which permitted an offset for other income benefits, including "(a) Disability benefits payable under the federal Social Security Act; (b) earnings continuation from any Employer; (c) benefits payable under other group disability; and (d) benefits payable under any Workman's Compensation or similar law." *High*, 459 F.3d at 578. Specifically, the court concluded that the offset for Veterans benefits was

4

permissible under that benefit plan's "other income benefits" language applicable to "any other group disability plan." *Id.*

We respectfully disagree with the Fifth's Circuit conclusion and find in this case that Veterans Administration benefits do not fall within the definition of Other Income Benefits under which an offset would be permitted. First and foremost, unlike benefits payable pursuant to the Social Security Act, Veterans benefits are not specifically included as Other Income Benefits in Reliance Standard's Plan. Moreover, Veterans benefits are different than and independent of benefits under a group disability plan, retirement benefits or workers' compensation benefits. We are hesitant to take away or decrease benefits, in particular Veterans' benefits, that an individual may be entitled to unless it is clear to the insured at the outset that there may be an offset of benefits.

There is nothing in the Plan issued by Reliance Standard to indicate that an insured's long-term disability benefits would be decreased if, in fact, the insured also received Veterans benefits. Accordingly, Reliance Standard's ability to recover any overpayment of benefits is limited to the Social Security benefits that plaintiff received while collecting his long-term disability payments from Reliance Standard. Thus, plaintiff's motion to dismiss the counterclaim with respect to an overpayment and offset of plaintiff's Veterans' benefits is granted.

**CONCLUSION**

For the forgoing reasons, plaintiff Mark Williams' motion to dismiss [14 ] the counterclaim for a constructive trust is denied in part and granted in part.

_____
Wayne R. Andersen
United States District Court

Dated: July 17, 2008