# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARK D. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 C 6022 |
| v. ) | |
| ) | Wayne R. Andersen |
| GROUP LONG TERM DISABILITY ) | District Judge |
| INSURANCE and RELIANCE ) | |
| STANDARD LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the parties' cross-motions for summary judgment. The case arises from plaintiff Mark Williams' claim for long-term disability benefits pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(b). Williams previously appealed the plan administrator's denial of benefits and this court remanded the case to the plan administrator for a new review of his claim. *Williams v. Group Long Term Disability Ins.*, 2006 U.S. Dist LEXIS 56679, at *28-29 (N.D. Ill. Aug. 2, 2006). Pursuant to the remand, the plan administrator conducted additional proceedings and again denied Williams' claim for long-term disability benefits. For the following reasons, Williams' motion for summary judgment [35] is denied. Defendants' Group Long Term Disability Insurance and Reliance Standard Life Insurance Co. cross-motion for summary judgment [48] is granted. Defendants are entitled to reimbursement for overpaid benefits for Social Security in the amount of $30,469.13.

## BACKGROUND

Williams was employed as a software developer for Tellabs Operations Inc. Williams' job responsibilities included providing technical support for products and processing, troubleshooting problems, and developing and supporting software applications. As part of his employment with Tellabs, Williams was enrolled in defendant Group Long Term Disability Insurance ("the Plan") for long-term disability benefits, which was underwritten by defendant Reliance Standard Life Insurance Co. Williams worked for Tellabs on a full-time basis until March 1, 2002, at which time he took medical leave. He was employed part-time by Tellabs until October 1, 2002, at which time he alleged that he could no longer work due to nausea, light headedness, and fatigue. (Administrative Record ("AR") 000368) On February 25, 2003, Williams filed an application for long-term disability benefits with Reliance that formed the basis of the dispute in *Williams v. Group Long Term Disability Ins.*, 2006 U.S. Dist LEXIS 56679 (N.D. Ill. Aug. 2, 2006).

Under the Plan, Reliance is obligated to pay long-term disability benefits if the beneficiary meets the Plan's definition of "Total Disability," which is defined as being unable to "perform the material duties of his/her regular occupation" for 180 days. (AR 000175-78) If the disability is caused by mental or nervous disorders, which the Plan defines as including anxiety-related and depression-related disorders, Reliance only is obligated to pay benefits for 24 months. (AR 000215) Reliance also has the right under the Plan to have a beneficiary interviewed or examined physically, psychologically, and/or psychiatrically to determine the existence of any Total Disability. (AR 000181) The Plan states that "[t]his right may be used as often as it is reasonably required while a claim is pending." (*Id.*) In the prior proceeding, this court reiterated Reliance's right to have Williams undergo a neuropsychological examination during any proceedings conducted pursuant

to the remand order. *Williams,* 2006 U.S. Dist. LEXIS at *28. Finally, the Plan gives Reliance "discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits." (AR 000181)

In the prior proceeding, this court granted Williams' motion for summary judgment and remanded the case to the plan administrator for further proceedings consistent with the court's opinion. Specifically, this court held that the plan administrator "acted arbitrarily and capriciously when it determined Williams' disabling condition was caused by a mental disorder" *Williams*, 2006 U.S. Dist LEXIS at *22. After examining the entire record, we concluded that at least three of the five factors the Seventh Circuit instructed courts to consider in *Chalmers v. Quaker Oats Co.*, 61 F.3d 1340 (7th Cir. 1995), weighed in favor of finding that Reliance acted arbitrarily and capriciously. *Williams*, 2006 U.S. Dist. LEXIS at *17. This court specifically noted that Reliance's process was deficient in light of the complexity of the issues presented by Williams' claim, because Reliance failed to effectively utilize the assistance of experts, and because Reliance relied upon insufficient evidence to uphold its determination that Williams' disability resulted from a mental cause. *Id.* at *18-22.

Furthermore, this court explained that administrative remand was the appropriate remedy because the court found that, based on an examination of the record, Reliance never made an initial finding that Williams' condition was the result of a physical disability. *Id*. at *27. As such, Reliance's determination that the cause was mental, despite being arbitrary and capricious, was the equivalent of an initial determination. *Id*. We concluded that ordering Reliance to reinstate benefits would require the court to substitute its judgment for that of the plant administrator, which this court

is not permitted to do. *Id*. at *27-28 (citing *Gallo v. Amoco Corp*., 102 F. 3d 918, 923 (7th Cir. 1996), *cert denied,* 521 U.S. 1129 (1997)).

Following this court's remand, Reliance arranged for Williams to be evaluated by two independent doctors: an occupational medicine specialist and a neuropsychologist. Defendants' Statement of Facts, ¶ 34. Williams saw Dr. Shirley Conibear, MD, MPH, a board certified occupational medicine specialist on January 8, 2007. Defendants' Statement of Facts, ¶ 35. Dr. Conibear undertook a comprehensive review of Williams' medical history and physically examined Williams personally for approximately 45 minutes, but did not conduct any independent laboratory testing. Dr. Conibear concluded that Williams suffered from Generalized Anxiety Disorder, Major Depressive Disorder, hypogonadism, hypertension, steatosis of the liver, and obstructive sleep apnea. Dr. Conibear further concluded that he did not have chronic EBV infection, chronic fatigue syndrome, hypothyroidism or orthostatic hypotension. Based on these conclusions Dr. Conibear stated that Williams had "no physical limitations except for deconditioning" and recommended neuropsychological testing to determine what cognitive limits, if any, existed. *Id.*

On January 9, 2007, Williams underwent a neuropsychological examination by Dr. Christopher Randolph Ph.D., ABPP/CN. Dr. Randolph is a Clinical Professor of Neurology and Director, Neuropsychology Service at Loyola University Medical Center. Defendants' Statement of Facts, ¶ 37. Dr. Randolph conducted formal testing and concluded that Williams suffered from no impairment of neurocognitive functioning, and suggested that his test results showed "clear-cut evidence of attempted feigning of neurocognitive impairment" during the testing. Defendants' Statement of Facts, ¶ 38. Dr. Randolph's final conclusion regarding the Williams' complaints was that they were the result of a somatoform disorder and "entirely psychiatric in etiology."

4

Defendants' Statement of Facts, ¶ 39. Following these two evaluations, on February 9, 2007, Reliance notified Williams' that his request for long-term disability benefits had been denied. According to Reliance the basis for the denial was the twenty-four month limitation on benefits for conditions caused by mental disorders. Somatoform disorders are included within the mental disorder limitation. Defendants' Statement of Facts, ¶ 40.

In response to Reliance's denial, Williams appealed the plan administrator's decision. On March 23, 2007, Williams submitted a letter to Reliance that formed the basis for his appeal. Williams retained Dr. Freeman to review the evaluations performed by Drs. Conibear and Randolph. The March 23 letter contained a summary of the comments provided by Dr. Freeman critiquing the reports issued by Drs. Conibear and Randolph that were relied upon by Reliance in denying Williams' claim. In the same letter, Williams' also requested the raw data from his psychological evaluation be forwarded to Dr. Alan Friedman, a psychologist, for review. Plaintiff's Statement of Facts, Exhibit 1. On July 27, 2007, Williams submitted Dr. Friedman's analytical report, which further critiqued the evaluations of Drs. Conibear and Randolph. Plaintiff's Statement of Facts, Exhibit 3. Following receipt of these critiques, Reliance forwarded them to Drs. Conibear and Randolph. Defendants' Statement of Facts, ¶ 45. On September 4, 2007, Dr. Randolph responded to Williams' criticisms and provided further explanation for his conclusion that Williams suffered from a somatoform disorder. Defendants' Statement of Facts, Exhibit G. Dr. Conibear responded in writing to the criticisms on October 12, 2007, emphasizing that the purpose of her report was not "to provide an assessment of the extent to which psychiatric diagnoses versus physical diagnoses account for Mark Williams's (sic) symptoms and alleged incapacity" but rather "[e]ach person must be assessed in terms of the degree of incapacity resulting from all of their problems." Defendants'

5

Statement of the Facts, Exhibit F. During this review, Williams did not submit the results of any additional medical testing to Reliance for review.

Based on these responses, on October 15, 2007, Reliance notified Williams of its decision to affirm the denial of his long-term disability benefits. In its final denial of benefits, Reliance stated that it did not agree that Drs. Conibear and Randolph were not qualified to evaluate Williams' condition. Reliance further stated that the replies provided by Drs. Conibear and Randolph adequately addressed the criticisms presented by Drs. Friedman and Freeman. Plaintiff's Statement of Facts, Exhibit 7. Having exhausted the administrative remedies available under the policy terms, Williams filled this lawsuit, seeking for the second time to reinstate his benefits under §502(a)(1)(B) of the Employee Retirement Income Security Act.

## DISCUSSION

Both Williams and Reliance have moved for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56. A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions of fact, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the nonmoving party. *See Doe v. R.R. Donnelley & Sons Co.*, 42 F. 3d 439, 443 (7th Cir. 1994). The nonmoving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). On cross-motions for summary judgment, the court "considers the merits of each cross-motion separately and draws all reasonable inferences and resolves all factual uncertainties against

6

the party whose motion is under consideration." *Kazenas v. Oracle Corporation's Long Term Disability Plan*, 2004 WL 603468 (N.D. Ill. Mar. 24, 2004) (internal quotations omitted).

## I. Standard of Review Under ERISA

Under ERISA, a court reviews a plan's denial of benefits *de novo* unless the employee welfare benefit plan gives the administrator discretionary authority to determine eligibility. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In determining whether a plan administrator has discretionary authority, the court looks to the plain language of the plan. *See Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000). Here the Plan states:

> Reliance Standard Life Insurance shall serve as the claims review fiduciary with respect to the insurance policy and the plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits.

(AR 000181) When an ERISA fiduciary is given discretionary authority to determine eligibility for benefits, a decision to deny benefits will be reviewed under an arbitrary and capricious standard. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 980 (7th Cir. 2000). Neither party disputes that this provision gives Reliance discretionary authority.

However, Williams argues that this court must conduct a "more critical and probing review of a benefit determination" because, since this court's decision in August 2006, the Supreme Court has articulated a new standard of review in *Metropolitan Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (2008), against which an insurer's conduct should to be measured. The court in *Glenn* described the standard of review as involving a "combination-of-factors method of review." *Id.* at 2351. Because Reliance both determines who is eligible for benefits and pays benefits, Williams asserts that Reliance operates under a conflict of interest. Neither party disputes that Reliance operates under a conflict of interest. Williams further asserts that the conflict of interest is determinative in this

7

case because the factors in this case are closely balanced and in such cases "any one factor will act as a tiebreaker when the other factors are closely balanced." *Id.* at 2351. Although this court does not deny that Reliance may have some conflict of interest, we do not agree with Williams' assertion that the conflict of interest is outcome determinative in this particular case.

The Seventh Circuit recently applied *Glenn* and explicitly stated that the conflict of interest identified in *Glenn* "is just one of many factors that might help demonstrate an abuse of discretion." *Gutta v. Standard Select Trust Ins. Plans*, 2008 U.S. App. LEXIS 16952 (7th Cir. August 8, 2008), *see also Glenn*, 128 S. Ct. at 2351 ("conflicts are but one factor among many that a reviewing judge must take into account."). Furthermore, the Seventh Circuit found that the factors in *Gutta* were not closely balanced. *Gutta,* 2008 U.S. App. LEXIS at *1. In *Gutta*, the plan administrator had taken into account the views of twelve doctors and a number of experts who believed that despite some limitations the plaintiff was capable of performing sedentary work. *Id.* Because Reliance took into account the views of all of Williams' doctors, and during proceedings conducted pursuant to this court's remand, Dr. Conibear found that Williams was not functionally limited and Dr. Randolph did not find any evidence of cognitive impairment, this court similarly believes that the factors are not closely balanced. As such, Reliance's conflict of interest does not serve as a "tiebreaker," as Williams argues, and the applicable standard of review in this case remains the arbitrary and capricious standard articulated by the Supreme Court in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

**II.     Reliance's Denial of Williams' Long-Term Disability Benefits Was Reasonable**

Having established that the appropriate standard of review for this case is the arbitrary and capricious standard, this court must look to see not whether the plan administrator's decision is correct, but rather only whether it is reasonable. *Davis v. Unum Life Ins. Co. of Am.*, 444 F.3d 569, 578 (7th Cir. 2006). Thus, Reliance's determination that Williams is not entitled to long-term disability benefits is entitled to "great deference" by this court. *See Ruiz v. Continental Casualty Co.*, 400 F.3d 986, 991 (7th Cir. 2005). In making the determination of whether the plan administrator acted arbitrarily and capriciously, this court's review is limited to the information submitted to the plan administrator. *See Perlman v. Swiss Bank Corp. Comprehensive Disability Plan*, 195 F. 3d 975, 980-82 (7th Cir. 2000).

**A.     Reliance Reasonably Relied on Drs. Conibear and Randolph**

Williams argues that Reliance inappropriately relied upon the opinions of Drs. Conibear and Randolph because his disorder was not within their particular medical specialties. Williams mischaracterizes the prior opinion of this court when he asserts that this court ordered Reliance to obtain an opinion from a physician with experience in chronic fatigue syndrome or its symptoms. This court concluded in the prior proceeding that Reliance failed to utilize the necessary assistance of experts because Reliance failed to take into account Dr. Hauptman's comment that his report alone might be insufficient to determine the cause of Williams' condition. *Williams*, 2006 U.S. Dist. LEXIS at *20. Pursuant to this court's remand, Reliance arranged for two independent doctors to examine Williams. Dr. Conibear examined Williams in her capacity as an occupational medicine specialist to determine the extent of his physical limitations. She found that he suffered from no physical limitations except for "deconditioning" and recommended that Williams undergo a

neuropsychological evaluation. Reliance arranged for Williams to be examined to determine what cognitive disabilities he might suffer from by neuropsychologist Dr. Randolph. After testing, Dr. Randolph determined that Williams had no cognitive limitations and that the testing revealed evidence that his condition was the result of a mental rather than physical disorder. Defendants' Statement of Facts, ¶ 47. Accordingly, this court concludes that defendants' reliance on two independent medical evaluations, which included following up on Dr. Conibear's recommendation to pursue neuropsychological testing, is sufficient to find that Reliance did not act unreasonably.

Further, Williams asserts that Reliance's failure to utilize the assistance of expert specialists in chronic fatigue syndrome is evidence that Reliance did not intend to complete a full and fair review of Williams' claim. However, "seeking independent expert advice is evidence of a thorough investigation, and provided that the fiduciary has investigated the expert's qualifications, has provided the expert with complete and accurate information, and determined that reliance on the expert's advice is reasonably justified under the circumstances, the fiduciary's decision will be respected…." *Hightshue v. AIG Life Ins. Co.*, 135 F.3d 1144, 1148 (7th Cir. 1998). Furthermore, this court agrees with the Seventh Circuit that "reaching a decision amid such conflicting medical evidence is a question of judgment that should be left to [the plan administrator] under the arbitrary-and-capricious standard." *Davis,* 444 F.3d at 578. Since Reliance hired two independent experts, Drs. Conibear and Randolph, to examine Williams, this court believes that Reliance did not act arbitrarily and capriciously with regard to its reliance on their opinions to determine that Williams' condition is the result of a mental disorder.

B. **Reliance Is Not Bound by the Findings of the Social Security Administration or the Veteran's Administration**

According to Williams, Reliance acted unreasonably when it ignored his Social Security disability determination after allegedly encouraging him to apply for Social Security benefits and when it ignored the concurring determination of the Veteran's Administration. With regard to both Veteran's Administration's benefit determination and the Social Security Administration's determination, at most the plan administrator is required to take those determinations into account. *Diaz v. Prudential Ins. Co. of America*, 499 F.3d 640, 644 (7th Cir. 2007); *see also Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003) ("courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; not may courts impose on plan administrators a discrete burden of explanation when they credit reliable evident that conflicts with a treating physician's evaluation."). This court's review of the record shows that Reliance took the determinations of the Social Security and Veteran's Administration into account. Dr. Conibear conducted a comprehensive written review of Williams' medical records and responded to the written critique of that review provided by Dr. Freeman, on behalf of Williams', in writing. Finally, it is well settled in the Seventh Circuit that an ERISA plan administrator is not bound by the fact finding of an independent agency, such as the Social Security Administration or the Veteran's Association. *See Barnick v. World Color Press, Inc.*, 2004 U.S. App. LEXIS 3639 at *4-5 (7th Cir. 2004).

C. **Reliance's Application of the Mental Illness Limitation Provision was Appropriate**

The burden falls on the insurer to prove the applicability of a policy limitation. *See Deal v. Prudential Ins. Co.*, 263 F. Supp.2d 1138, 1143 (N.D. Ill. 2003). Here Reliance bears the burden

11

to show that Williams suffers from a condition that is the result of a mental disorder rather than a physical disorder. Williams' argues that Reliance has failed to meet this burden, but this court disagrees. Reliance, consistent with this court's remand order, arranged for Williams to undergo a neuropsychological evaluation to determine whether he suffered from a mental disorder. The court finds particularly persuasive Dr. Randolph's evidence that because Williams "failed effort testing" during the examination Mr. Williams "was attempting to feign impairment." Defendants' Statement of Facts, ¶ 47. Subsequently, Dr. Randolph concluded that Mr. Williams feigned impairment because he suffered from a somatoform disorder, which is a situation in which patients "believe they have some type of medical illness, and behave as if they are ill, as a result of psychological factors." Defendants' Statement of Facts, ¶ 47. Accordingly, this court believes Dr. Randolph's findings are sufficient to meet Reliance's burden to show that Williams suffered from a condition that was the result of a mental disorder and thus Reliance appropriately applied the policy limitation in the Plan.

In summary, because Reliance reasonably relied upon the conclusions of its independent experts, did not impermissibly fail to consider either the Social Security or Veteran's Administration's disability determination, this court concludes that Reliance acted reasonably when it determined Williams' disabling condition was caused by a mental disorder, applied the applicable policy limitation of the Plan and consequently denied Williams' claim for long-term disability benefits.

### III. Reliance is Entitled to Reimbursement for Overpayment of Social Security Benefits

Williams and Reliance dispute whether Reliance is entitled to reimbursement for the value of Williams' Social Security benefits. The Plan specifically provides that a claimant's gross monthly benefit is reduced by "Other Income Benefits" that a claimant receives. The Plan identifies

categories of "Other Income Benefits" that are subject to the offset, which include, among other sources, disability benefits under the Social Security Act that an insured is eligible to receive because of a total disability. Despite Williams' urging that Reliance should not be reimbursed for the value of the Social Security benefits because Reliance failed to accord weight to the Social Security Administration's determination of total disability in Reliance's own total disability determination, this court holds that the findings of the Social Security Administration are not binding on Reliance, an ERISA plan administrator. *See Barnick v. World Color Press, Inc.*, 2004 U.S. App. LEXIS 3639 at *4-5 (7th Cir. 2004). Consequently, this court finds that Reliance is entitled under the Plan to offset Williams' Social Security disability benefits in the amount of $30,469.19.

## IV. Attorney's Fees

Both Williams and Reliance seek an award of attorney's fees. Under 29 U.S.C. 1132(g)(1) "the court in its discretion may allow [an award of] a reasonable attorney's fee and costs of action to either party." This court believes that Williams acted in good faith in appealing the plan administrator's decision to deny his long-term disability benefits. Since neither party in this case abused the court's time, this court declines to award attorney's fees to either party.

## CONCLUSION

For the forgoing reasons, defendants Group Long Term Disability Insurance and Reliance Standard Life Insurance Company's cross-motion for summary judgment [48] is granted and plaintiff Mark Williams' motion for summary judgment [35] is denied. Additionally, defendants' motion for summary judgment on their counterclaim is granted. Williams is ordered to reimburse defendants $30,469.19 for overpaid Social Security Administration benefits.

IT IS SO ORDERED.

_____
Wayne R. Andersen
United States District Judge

Dated: February 27, 2009